**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William KIMMONS, Howard Small,**
**Defendants–Appellants.**

**No. 90–5413.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 26, 1993.

Theodore J. Sakowitz, Federal Public Defender, Gregory A. Prebish, Alison Marie Igoe, Asst. Federal Public Defenders, Miami, FL, for Small.

Frank H. Tamen, Lynne W. Lamprecht, Linda C. Hertz, Asst. U.S. Attys., Miami, FL, for plaintiff-appellee.

Before FAY, Circuit Judge, DYER and CLARK, Senior Circuit Judges.

BY THE COURT:

Defendants William Kimmons, Howard Small, and Bruce Lee Berta were convicted of conspiracy to rob armored car companies and related firearms offenses. In *United States v. Kimmons*, 965 F.2d 1001 (11th Cir. 1992), we affirmed defendants' convictions and sentences. Defendant Howard Small filed a petition for writ of certiorari. The Supreme Court granted certiorari, vacated our judgment, and remanded the case for further consideration in light of *Stinson v. United States*, 508 U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). *Small v. United States*, —— U.S. ——, 113 S.Ct. 2326, 124 L.Ed.2d 239 (1993).

At issue in *Stinson* was the definition of "crime of violence" as that term is used in the sentencing guidelines career offender provision, U.S.S.G. § 4B1.1. The commentary to the guidelines provides that "[t]he term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon." U.S.S.G. § 4B1.2, comment. (n. 2). The Court of Appeals had held that this commentary, though "persuasive," was not "binding" on the federal courts. 957 F.2d 813, 815 (11th Cir.1992). The Supreme Court disagreed, holding that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." 508 U.S. at ——, 113 S.Ct. at 1915. The Supreme Court concluded that the commentary at issue was a binding interpretation of the phrase "crime of violence" as used in § 4B1.1.

In his petition for writ of certiorari filed with the Supreme Court, defendant Howard Small raised, as Issue II, the application of the career offender provision, § 4B1.1, in his case. Specifically, he argued that this court "erroneously held that possession of a weapon by a convicted felon is a crime of violence for purposes of sentencing under section 4B1.1 of the Sentencing Guidelines." Petition for Writ of Certiorari at 11. This court did not render any such holding. Small raised the § 4B1.1 issue in this court for the first time in his reply brief; Small's initial appellate brief filed with this court does not even mention § 4B1.1. Because arguments raised for the first time in a reply brief are not properly before the reviewing court, *United States v. Benz*, 740 F.2d 903, 916 (11th Cir.1984), *cert. denied*, 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 51 (1985), we did not address the § 4B1.1 issue in our

opinion. In any event, the issue is without merit. The "crime of violence" upon which Small's career offender treatment is based is his conviction of conspiracy to rob armored car companies, *not* his conviction of firearms possession. Accordingly, the commentary at issue in *Stinson* has no relevance to Small's case.

We have carefully reviewed our decision in *United States v. Kimmons*, 965 F.2d 1001. We conclude that the decision is consistent with *Stinson*, as we treated as authoritative any commentary relevant to the sentencing issues raised by defendants. Accordingly, having considered our decision in light of *Stinson*, we conclude that neither our decision nor our opinion, 965 F.2d 1001, is affected by *Stinson*. *See United States v. M.C.C. of Florida, Inc.*, 967 F.2d 1559, 1562 (11th Cir.1992); *Jones v. American Broadcasting Companies, Inc.*, 961 F.2d 1546 (11th Cir. 1992), *cert. denied*, — U.S. —, 113 S.Ct. 971, 122 L.Ed.2d 126 (1993). We reinstate our judgment affirming defendants' convictions and sentences.