**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Luis RODRIGUEZ, Defendant–Appellant.**

No. 93–4587.

United States Court of Appeals, Eleventh Circuit.

Oct. 3, 1995.

Lorri Barrist, Asst. Federal Public Defender, Miami, FL, for appellant.

Kendall Coffey, U.S. Attorney, Donald Chase, II, Carol Herman, Linda Collins Hertz, Asst. U.S. Attys., Miami, FL, for appellee.

Before TJOFLAT, Chief Judge, COX, Circuit Judge, and DYER, Senior Circuit Judge.

PER CURIAM:

Pursuant to a plea agreement, appellant pled guilty in the district court to conspiracy to possess ten kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and to the use of a firearm in committing a drug trafficking offense, in violation of 18 U.S.C. § 924(c). At sentencing, appellant objected when the court increased his base offense level respecting the section 846 offense by two levels because one of his co-conspirators possessed a firearm. *See* U.S.S.G. § 2D1.1(b)(1). The district court overruled the objection, concluding that *United States v. Kimmons,* 965 F.2d 1001 (11th Cir.1992), *vacated and remanded on other grounds,* —— U.S. ——, 113 S.Ct. 2326, 124 L.Ed.2d 239 (1993), *reinstated on remand,* 1 F.3d 1144 (11th Cir.1993), controlled its decision on the point.

The court concluded that appellant's guideline range (after adding the two points to the base offense level) for the section 846 offense was 135 to 168 months. The Government moved the court pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to sentence appellant below the guideline range and the ten-year mandatory minimum. The court granted the motion and sentenced appellant for the section 846 offense to 60 months of imprisonment. The court also sentenced appellant to a consecutive prison term of 60 months for the section 924(c) offense as required by law.

Appellant challenges his section 846 sentence on the ground that the district court misapplied the Guidelines in calculating the sentencing range for the section 846 offense. Appellant contends the court should not have increased the base offense level to account for the co-conspirator's possession of a firearm during the commission of the conspiracy. We find no error and therefore affirm appellant's sentence for the section 846 offense.

 Appellant contends that the two-level enhancement is prohibited by virtue of the language in Application Note 2 of U.S.S.G. § 2K2.4.[1] We disagree. The relevant portion of the note states:

> Where a sentence under this section [which includes 924(c) ] is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm ... is not to be applied in respect to the guideline for the underlying offense.

Application Note 2, U.S.S.G. § 2K2.4 (1993). This provision applies to forbid enhancements for the *defendant's* possession of the weapon, since punishment for possession of that weapon has been meted out in the 924(c) sentence. *United States v. Rodgers,* 981 F.2d 497, 500 (11th Cir.1993) (forbidding a two-level enhancement for defendant's own

weapon where defendant is also convicted under 924(c)). We do not read the note to suggest that enhancement for a *separate* weapons possession, such as that of a co-conspirator, is prohibited. *See United States v. Washington,* 44 F.3d 1271, 1281 (5th Cir. 1995) (applying the enhancement for a co-conspirator's weapon despite the defendant's 924(c) conviction), *cert. denied,* ── U.S. ──, 115 S.Ct. 2011, 131 L.Ed.2d 1010 (1995).

This circuit has confirmed application of this enhancement provision under analogous circumstances. *See Kimmons,* 965 F.2d at 1011. In *Kimmons,* a three-level enhancement for the weapons possession of a co-conspirator was added to the defendant's conspiracy to commit robbery sentence despite his separate 924(c) conviction.[2] *Id.* Because we find the reasoning in *Kimmons* persuasive and consistent with our view of Application Note 2 of § 2K2.4, we reinstate *Kimmons'* holding as to the weapon enhancement issue. Accordingly, the judgment of the district court is

AFFIRMED.

---

1. Commentary in the Guidelines Manual interpreting or explaining a guideline is binding on the courts unless it violates the Constitution or a federal statute, or is inconsistent with or a plainly erroneous interpretation of that guideline. *Stinson v. United States,* ── U.S. ──, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).

2. Because the weapon enhancement issue in *Kimmons* was not reconsidered after the Su-

preme Court vacated the judgment, there is a question as to whether the prior panel rule requires us to adhere to its holding. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). We do not, however, need to resolve this question, because our interpretation of Note 2 of U.S.S.G. § 2K2.4 is entirely consistent with *Kimmons.*