UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 94-5924

JEREMIAH WELDON SLOAN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5558

REAON O'NEIL MOULTRY,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-93-28-MU)

Submitted: August 13, 1996

Decided: October 29, 1996

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jesse J. Waldon, Jr., JESSE J. WALDON, JR., P.A., Charlotte, North
Carolina; P. Mercer Cauley, Charlotte, North Carolina, for Appel-

lants. Mark T. Calloway, United States Attorney, Robert J. Higdon, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Jeremiah Weldon Sloan and Reaon O'Neil Moultry were convicted by a jury of conspiracy to distribute cocaine and crack cocaine and to possess both with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1996), as well as one count of aiding and abetting the possession of crack for distribution. 21 U.S.C.A. § 841 (West 1981 & Supp. 1996). Sloan also was convicted of three counts of using and carrying a firearm in a drug trafficking crime. 18 U.S.C.A.§ 924(c) (West Supp. 1996). Sloan received a life sentence, a consecutive sentence of five years, and two consecutive twenty-year sentences. Moultry was sentenced to a term of 324 months. Both appeal their convictions and sentences.

First, Appellants contend that the government failed to prove one conspiracy as charged in the indictment because the evidence at trial showed multiple conspiracies instead. A conspiracy conviction may be reversed on the ground that the evidence varied materially from the offense charged in the indictment by showing multiple conspiracies rather than a single conspiracy if actual prejudice to the defendant's substantial rights resulted. United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994) (citations omitted), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3563 (U.S. Jan. 23, 1995) (No. 94-6500). To show actual prejudice, "an appellant must prove that `there are so many defendants and so many separate conspiracies before the jury' that the jury was likely to transfer evidence from one conspiracy to a defendant involved in an unrelated conspiracy." Id. (quoting United States v.

2

Caporale, 806 F.2d 1487, 1500 (11th Cir. 1986), cert. denied, 482 U.S. 917 and 483 U.S. 1021 (1987)).

In this case, there was no likelihood that the evidence of other drug conspiracies would prejudice Sloan and Moultry. The only evidence offered by members of the Cecil Jackson Gang and the Mustang Gang concerned their knowledge of and purchases of crack from Sloan's organization. With only two defendants and straightforward evidence of only two related conspiracies, the case was not too complex for the jury to evaluate properly the evidence against Sloan and Moultry. Therefore, this claim is without merit.

Next, Sloan and Moultry contest the enhancements they each received for possession of firearms under USSG § 2D1.1(b)(1).[1] They contend that the evidence did not support the enhancement. Because two witnesses testified that Moultry carried firearms while selling drugs, including "a .357" and a "9 millimeter," the district court did not clearly err in finding that the enhancement applied in his case. In sentencing Sloan, the court did not base the enhancement on any of the firearms for which he was convicted under § 924(c), but on the presence of additional firearms in the course of the conspiracy.[2] While the sentencing guidelines do not permit an enhancement under USSG § 2D1.1(b)(1) where a defendant has been convicted under § 924(c) for the same weapon, two circuits have held that a defendant convicted under § 924(c) may receive the enhancement for a co-conspirator's weapon. See United States v. Rodriguez, 65 F.3d 932, 933 (11th Cir. 1995), cert. denied, #6D6D 6D# U.S. ___, 64 U.S.L.W. 3640 (U.S. Mar. 25, 1996) (No. 95-7936); United States v. Washington, 44 F.3d 1271, 1280-81 (5th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3832 (U.S. May 22, 1995) (No. 94-8900). As discussed above, there was evidence that Moultry carried a weapon while trafficking in drugs. In addition, co-conspirator Rudolph Black testified at trial that he often carried a firearm, as did his brother, co-conspirator Arthur McClinton. The enhancement was thus justified.

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1994).

[2] When Sloan's apartment was searched in February 1992, a shotgun was found as well as an Intratech 9 mm pistol.

3

The convictions and sentences are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED