**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4267

SHERON LACELLE GRIER, a/k/a Mo,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-96-125-MU)

Submitted: January 30, 1998

Decided: February 23, 1998

Before HALL, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Norman Butler, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Frank D. Whitney, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sheron Lacelle Grier pled guilty to four counts of possessing crack cocaine, see 21 U.S.C. § 841(a)(1) (1994), and using a firearm in a drug trafficking crime, see 18 U.S.C.A.§ 924(c) (West Supp. 1997). He received a sentence of 130 months for the drug convictions, Counts Two through Five, and a consecutive sixty-month sentence for the § 924(c) conviction, Count Six. Grier appeals his sentence,[1] contending that the district court clearly erred in enhancing his sentence under USSG § 2D1.1(b)(2)[2] based on his co-defendant's possession of a firearm. We affirm.

Grier sold small amounts of crack to an undercover agent four times in June and July of 1996. On July 10, 1996, the agent met Grier in a parking lot intending to buy two ounces of crack for $2200. Grier arrived with co-defendant Shane Caldwell. He got into the agent's car, pulled a revolver and robbed the agent of his money while Caldwell went to the driver's-side window and pointed a shotgun at the agent. Grier and Caldwell fled in Caldwell's car, with officers pursuing. During the chase, Grier threw a handgun from the window.

Because Grier was subject to a consecutive sentence for the § 924(c) conviction, he could not receive an enhancement under USSG § 2D1.1(b)(1) for his possession of the revolver. See USSG § 2K2.4, comment. (n.2). However, the district court found that a two-level enhancement under § 2D1.1(b)(1) was warranted based on Caldwell's possession of the shotgun. The court found that the robbery was in furtherance of a conspiracy and that Grier and Caldwell "couldn't have had a heist if they hadn't been involved with drug dealing to start with."

On appeal, Grier contends that the robbery was not relevant conduct because there was no evidence that Caldwell had any connection

_____

[1] At sentencing, the district court sua sponte struck the portion of Grier's plea agreement in which he waived his right to appeal.

[2] **U.S. Sentencing Guidelines Manual** (1995).

with the previous drug sales. Under USSG § 1B1.3(a)(1)(B), (a)(2), when a defendant is sentenced for a drug offense, his offense level is determined on the basis of his own conduct and that of any co-conspirators which is done in furtherance of a jointly undertaken criminal activity, whether or not charged as a conspiracy, and is part of the same course of conduct as the offense of conviction. A defendant may receive an enhancement under USSG § 2D1.1(b)(1) for a firearm possessed by a co-conspirator if it is not clearly improbable that the weapon was connected with the drug offense. See United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994); United States v. Falesbork, 5 F.3d 715, 720 (4th Cir. 1993). The Eleventh Circuit and the Fifth Circuit have held that a defendant may receive an enhancement under USSG § 2D1.1(b)(1) in addition to a consecutive sentence for a § 924(c) conviction based on a co-conspirator's possession of a weapon in a drug offense. See United States v. Rodriguez, 65 F.3d 932, 933 (11th Cir. 1995); United States v. Washington, 44 F.3d 1271, 1281 (5th Cir. 1995).

Grier's argument fails because the robbery was intertwined with the drug deal he had arranged with the agent. By assisting in the robbery of the drug-purchase money, Caldwell entered into Grier's drug activity to a limited extent even if he had no prior involvement with it. Moreover, Caldwell and Grier both pled guilty to Count Six, which charged possession of a firearm during a drug trafficking crime, not during a crime of violence. Consequently, the district court did not clearly err in finding that Caldwell's possession of the shotgun was relevant conduct to be considered in determining the offense level for the drug counts. See United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990) (standard of review).

Accordingly, we affirm the sentence imposed. We deny Grier's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED