**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Darres CHIN–SUNG PARK,
Defendant–Appellant.**

No. 98–30034.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 6, 1999.[1]

Decided Feb. 12, 1999.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Suzanne Lee Elliott, Seattle, Washington, for the defendant-appellant.

Carl Blackstone, Assistant United States Attorney, Seattle, Washington, for the plaintiff-appellee.

Before: WILLIAM C. CANBY, JR. and SUSAN P. GRABER, Circuit Judges, and RUDI M. BREWSTER,[2] Senior District Judge.

BREWSTER, Senior District Judge:

Darres Chin–Sung Park appeals from a judgment of the district court sentencing him to 117 months in prison for three counts of armed robbery and for one count of use of a firearm during and in relation to one of the armed bank robberies. Park contends that the district court erroneously added three-level enhancements for brandishing a firearm to his offense levels for two of the robberies, even though he also was being sentenced to a five-year consecutive prison sentence for use of a firearm in relation to the third robbery. We affirm the judgment of the district court.

## I. BACKGROUND

On January 9, 1991, a federal grand jury for the Western District of Washington returned a six-count indictment against Park. The indictment charged Park with three counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and three counts of using a firearm during and in relation to each armed bank robbery, in violation of 18 U.S.C. § 924(c). Park was indicted for armed bank robberies occurring on October 31, 1990, November 27, 1990, and December 6, 1990. On January 28, 1991, Park pleaded guilty, pursuant to a plea agreement, to all three counts of armed bank robbery and one count of use of a firearm in relation to the November 27, 1990 robbery.

The district court sentenced Park on April 26, 1991.[3] Park was sentenced under the November 1990 United States Sentencing Guidelines Manual.[4] The district court, by adopting the calculations of the probation office, assigned the October and December robberies adjusted offense levels of 25, which included three-level enhancements for brandishing a firearm during the commission of each of the two offenses. See USSG § 2B3.1(b)(2)(C).[5] The court assigned the November robbery an adjusted offense level of 22,[6] holding that a three-level enhance-

---

**2.** The Honorable Rudi M. Brewster, United States Senior District Judge for the Southern District of California, sitting by designation.

**3.** Neither the United States, nor Park, immediately appealed the sentence. On April 10, 1997, Park petitioned to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255, arguing that his counsel failed to advise him of his right to appeal. The district court granted Park's motion, vacated the sentence, and re-entered the sentence on December 16, 1997. Thus, Park's notice of appeal was timely when filed on December 23, 1997.

**4.** All further citations to the Sentencing Guidelines, unless otherwise noted, are to the November 1, 1990 Guidelines, the manual in effect on the date of the original sentencing. See U.S. Sentencing Guidelines Manual, § 1B1.11 (1998).

**5.** Effective November 1, 1991, section 2B3.1(b)(2)(C) was amended and now requires a five-level enhancement for brandishing a firearm in connection with a robbery. See USSG App. C, amend. 365 (1991).

**6.** The base offense level for all three robberies was 20. See USSG § 2B3.1(a). The district court added two-level enhancements because each offense involved the robbery of a financial institution. See USSG § 2B3.1(b)(1).

ment for brandishing a firearm could not be applied to this count because Park pleaded guilty to the § 924(c) firearm offense in relation to that robbery. *See* USSG § 2K2.4, comment. (n.2). The court then applied a three-level increase for multiple offenses, resulting in a combined offense level of 28 for all three robberies. *See* USSG §§ 3D1.1 & 3D1.4. The court adjusted the total offense level to 26 for acceptance of responsibility. *See* USSG § 3E1.1(a).[7] Given Park's criminal history category of I, the total offense level of 26 yielded a recommended sentencing range of 63 to 78 months, which was adjusted to 123 to 138 months after adding the consecutive five-year term for the § 924(c) firearm offense. *See* USSG § 5A. The district court departed downward on the basis of defendant's youth and sentenced Park to 117 months.

## II. DISCUSSION

■ Park challenges his sentence on the ground that the district court erred in calculating his sentence. He contends that the district court should not have added three-level enhancements for brandishing a firearm to the offense levels for the October and December robberies, because he also had been convicted of using of a firearm under § 924(c). The issue for this court is whether adding three-level enhancements for brandishing a firearm during two separate robberies, in addition to a firearm count under § 924(c) for a third robbery on another date, constitutes impermissible "double counting" under the Sentencing Guidelines.

### A. Standard of Review

■ We review a district court's interpretation of the Sentencing Guidelines *de novo.* *See United States v. Real–Hernandez,* 90 F.3d 356, 360 (9th Cir.1996) (citing *United States v. Oliver,* 60 F.3d 547, 554 (9th Cir. 1995)). A "district court's interpretation of the Guidelines, as a question of law, is not entitled to deference." *United States v. Willett,* 90 F.3d 404, 406 (9th Cir.1996).

### B. Park's Sentence

■ Under the Sentencing Guidelines that were in effect when Park was sentenced originally, a district court must increase the base offense level for robbery by three levels "if a dangerous weapon (including a firearm) was brandished, displayed, or possessed." USSG 2B3.1(b)(2)(C). If a defendant is sentenced for the use of a firearm under § 924(c) in connection with a particular robbery, the offense level for that robbery cannot also be enhanced under section 2B3.1(b)(2)(C) for brandishing that firearm. *See* USSG § 2K2.4, comment. (n.2); USSG § 3D1.1, comment. (n.1); *see also United States v. Duran,* 4 F.3d 800, 804 (9th Cir. 1993) (holding that district court erred in applying two-level adjustment for a death threat in addition to a § 924(c) conviction).[8] Specifically, Note 2 of the commentary to section 2K2.4 provides: "Where a sentence under [§ 924(c) ] is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of a firearm ... is not to be applied ... for the underlying offense." The commentary to the Guidelines is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Park argues that the term "underlying offense" in this Application Note should be interpreted to cover all crimes with which the firearm sentence will run consecutively, such that a three-level enhancement for brandishing a firearm could not be applied to his offense level where he also was being sentenced for a § 924(c) firearm violation.

---

7. Effective November 1, 1992, section 3E1.1 was amended and now permits an additional one-level departure under certain conditions if the defendant has assisted authorities in the investigation. *See* USSG App. C, amend. 459 (1992).

8. A defendant can be sentenced for a § 924(c) firearm count and have the related underlying offense level enhanced under section 2B3.1(b)(2), provided that the § 924(c) count and the enhancement involve different weapons. *See Willett,* 90 F.3d at 407; *but see United States v. Knobloch,* 131 F.3d 366, 372 (3d Cir.1997) ("If the court imposes a sentence for a drug offense along with a consecutive sentence under 18 U.S.C. § 924(c) based on that drug offense, it simply cannot enhance the sentence for the drug offense for possession of any firearm.").

The Ninth Circuit already has rejected the interpretation of "underlying offense" as covering all crimes with which the firearm count will run consecutively. *See United States v. Nakagawa*, 924 F.2d 800, 805 (9th Cir.1991) (affirming sentence where underlying offense for firearm-based sentencing enhancement differed from underlying offense of § 924(c) firearm count). This type of sentence does not constitute impermissible double counting. Under the Sentencing Guidelines, "impermissible double counting occurs 'where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines.'" *Willett*, 90 F.3d at 407 (quoting *United States v. Reese*, 2 F.3d 870, 895 (9th Cir.1993)). Double counting is permissible "[w]hen more than one kind of harm is attributable to a given aspect of a defendant's conduct." *Reese*, 2 F.3d at 895. In this case, Park is being punished only once for brandishing a firearm in each robbery—via sentencing enhancements for the October and December robberies, and via a § 924(c) firearm sentence for the November robbery. These sentencing enhancements do not constitute impermissible double counting.

Several other circuit courts have reached the same conclusion: "'[T]he underlying offense' must be the crime during which, by using the gun, the defendant violated § 924(c)." *United States v. Mrazek*, 998 F.2d 453, 454–55 (7th Cir.1993); *see also United States v. McCarthy*, 77 F.3d 522, 536–37 (1st Cir.1996); *United States v. Blake*, 59 F.3d 138, 139–41 (10th Cir.1995). The Sentencing Guidelines do not preclude the enhancement of Park's sentence on two counts of robbery for brandishing a firearm in addition to a § 924(c) firearm sentence in relation to a third robbery count.

The judgment of the district court is AFFIRMED.