**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4636

CHARLES EDWARD JOHNSON, II,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4670

CLAIBORNE LEWIS BAKER,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge;
Frank W. Bullock, Jr., District Judge.
(CR-98-351)

Submitted: February 29, 2000

Decided: March 17, 2000

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John David Bryson, WYATT, EARLY, HARRIS & WHEELER, L.L.P., High Point, North Carolina; David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Claiborne Lewis Baker and Charles Edward Johnson each pled guilty to committing the same armed bank robbery, see 18 U.S.C.A. § 2113(d) (West Supp. 1999), 18 U.S.C. § 2 (1994), and carrying and using a firearm in a crime of violence, see 18 U.S.C.A. § 924(c) (West Supp. 1999). Johnson and Baker received sentences of 141 months imprisonment and 210 months imprisonment, respectively. They have appealed their sentences, arguing that the district court clearly erred in finding as a fact that each carried a firearm during the bank robbery, and in applying in each case a five-level enhancement under U.S. Sentencing Guidelines Manual§ 2B3.1(b)(2)(C) (1998), based on the firearm brandished or displayed by the other. Baker also contends that the district court clearly erred in finding that he had not accepted responsibility for his criminal conduct. See USSG § 3E1.1. We affirm.

I.

Appellants first challenge the district court's factual finding that each of them carried a firearm. The district court's determination of this factual issue is reviewed for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Two tellers and a cus-

2

tomer were in the bank during the robbery. All three witnesses told investigators immediately after the robbery that both robbers had carried sawed-off shotguns. Although the bank surveillance photographs showed one robber (identified later as Baker) carrying a firearm, the second robber (Johnson) was not pictured as clearly and the photographs did not establish conclusively whether he also carried a gun. Both Johnson and Baker asserted that only one firearm was used. The third defendant, Omar Bynum, who drove the getaway van, stated after his arrest that, at Baker's request, he had driven Baker and Johnson to the home of Desmond Patterson just before the robbery, where Baker tried to buy a firearm. When Patterson refused to sell Baker a gun, Bynum drove to Baker's house. Baker went in and brought out something wrapped in a leather jacket. Bynum then drove Baker and Johnson to the bank. Bynum said the only firearm he saw was in Baker's hand as he exited the bank after the robbery. Patterson told investigators that, after the defendants' arrests, Baker's brother told him that "the guns" would not be found.

Johnson entered his guilty plea first and was sentenced first. One of the tellers testified at Johnson's sentencing that she had seen two guns. Johnson stipulated that the two remaining witnesses would testify similarly, and also stipulated to Bynum's and Patterson's statements. Based primarily on the eyewitness evidence, the district court found that Johnson and Baker each carried a firearm during the robbery. When Baker was sentenced, a different district court judge came to the same conclusion.

Johnson and Baker argue that the witnesses' statements were unreliable because the robbery was over so quickly that they lacked time to observe the robbers accurately. They also point out that all three defendants maintained that only one firearm was used, that the bank photographs did not show a second firearm, and that Patterson stated that Baker tried to buy a firearm from him just before the robbery, which they argue Baker would not have done had he already possessed two firearms. We find that the district court judges did not clearly err in finding the witnesses' statements more reliable than the defendants' statements, in view of the fact that the other evidence did not conclusively establish that only one firearm was used. Eyewitness testimony is sufficient to support a conviction if the witnesses are deemed credible by the factfinder. See United States v. Redd, 161

3

F.3d 793, 797 (4th Cir. 1998), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3613 (U.S. Apr. 5, 1999) (No. 98-8355).

## II.

Baker and Johnson next claim error in the five-level enhancement for brandishing, displaying, or possessing a firearm during the robbery that they both received under USSG § 2B3.1(b)(2)(C). A defendant who is sentenced under § 924(c) as well as for the underlying offense may not be given an enhancement on the underlying offense for possession, use, or discharge of a firearm during the offense, see USSG § 2K2.4, comment. (n.2). However, in these cases the district judges based the enhancements on the co-defendant's use of a firearm. Three circuits have held that the enhancement is permissible when it is based on the defendant's possession of a second firearm or a firearm possessed by a co-defendant. See United States v. Cover, 199 F.3d 1270, 1277-78 (11th Cir. 2000) (co-defendant's gun) (citing United States v. Rodriguez, 65 F.3d 932, 933 (11th Cir. 1995)); United States v. Washington, 44 F.3d 1271, 1280 (5th Cir. 1995) (same); see also United States v. Park, 167 F.3d 1258, 1260-61 (9th Cir. 1999) (enhancements based on firearms possessed by defendant in other robberies; citing United States v. Willett, 90 F.3d 404, 407 (9th Cir. 1996)). Appellants rely on United States v. Knobloch, 131 F.3d 366, 371-73 (3d Cir. 1997), in which the Third Circuit held that Application Note 2 precluded an enhancement for firearms the defendant possessed during a drug conspiracy in addition to the one underlying his § 924(c) conviction. We find the majority view persuasive. Accordingly, we find no error in the district judges' decision to enhance each defendant's sentence because of the firearm possessed by the other defendant.

## III.

Finally, Baker challenges the district court's decision not to award him an adjustment for acceptance of responsibility because he had entered his guilty plea just before the scheduled trial date and had tried to minimize his role in the offense. Baker argues that his plea was entered in a sufficiently timely fashion, that he admitted his guilt, and that he showed remorse, all of which entitled him to the adjust-

4

ment.* Although it was never established who planned the robbery or controlled the money afterward, Baker admitted robbing the bank only after both co-defendants had admitted taking part in the robbery and implicated him. The timeliness of a defendant's indication of acceptance of responsibility is a factor the court may consider in deciding whether the adjustment is appropriate. See USSG § 3E1.1, comment. (n.1(h)). Moreover, Baker continued to maintain that he followed Johnson into the bank and only held the shotgun after Johnson handed it to him inside the bank, despite contrary evidence from the bank surveillance photographs. Therefore, Baker never truthfully admitted at least one aspect of his criminal conduct which was established by the government's evidence. On these facts, we find that the district court did not clearly err in denying him the adjustment.

We therefore affirm the sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*Baker also challenges the government's assertions that he engaged in conduct amounting to obstruction of justice by claiming for a time that he had a false alibi. However, the district court did not base its decision on Baker's early notice of a possible alibi. Instead, it gave Baker the benefit of the doubt on that issue.

5