**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

TAWOINE AQUIL FRANK BANKS,
        *Defendant-Appellant.*

No. 02-4572

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-407, CR-01-408, CR-01-409)

Submitted: February 20, 2003

Decided: February 28, 2003

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas K. Maher, RUDOLF MAHER WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tawoine A. F. Banks pled guilty to three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2000), and one count of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2000). The district court sentenced Banks to a seventy-eight-month sentence on the bank robbery counts and a consecutive seven-year sentence on the § 924(c) count. Banks appeals his sentence. His counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), challenging the district court's finding by a preponderance of the evidence that Banks brandished a firearm and asserting that the district court erred in applying an adjustment for use of a firearm under *U.S. Sentencing Guidelines Manual* § 2B3.1(b)(2)(C) (2001), but stating that, in his view, there are no meritorious issues for appeal. We grant Banks' motion to file a pro se supplemental brief, which raises one additional issue. We affirm.

Banks contends that the district court erred in imposing a seven-year sentence for the § 924(c) conviction because brandishing was not charged in the indictment. Banks' claim is foreclosed by *Harris v. United States*, 536 U.S. 545, __, 122 S. Ct. 2406, 2412 (2002).

Next, Banks contends that the district court erred in applying an adjustment for use of a firearm under USSG § 2B3.1(b)(2)(C) when he also was convicted of a § 924(c) offense. We find no plain error in the application of the enhancement. *See United States v. Olano*, 507 U.S. 725, 732 (1993) (stating standard of review); USSG § 2K2.4, comment. (n.2); *United States v. Park*, 167 F.3d 1258, 1260-61 (9th Cir. 1999).

Finally, in his pro se supplemental brief, Banks relies on Amendment 489 to the Sentencing Guidelines and asserts that the district court's calculation of his sentence was incorrect. However, he relies on the text that was deleted by the amendment. Our review discloses that the district court properly calculated his sentence.

As required by Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Banks' convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*