**UNITED STATES of America, Appellant,**

v.

**Albert HUDSON, Defendant–Appellee.**

**No. 1497, Docket 92–1057.**

United States Court of Appeals, Second Circuit.

Submitted May 22, 1992.

Decided Aug. 14, 1992.

Peter Norling, Asst. U.S. Atty., E.D.N.Y. (Andrew J. Maloney, U.S. Atty., Edward Mechmann, Asst. U.S. Atty., E.D.N.Y., of counsel), for appellant.

David A. Lewis, New York City (The Legal Aid Soc., of counsel), for defendant-appellee.

Before: PRATT and ALTIMARI, Circuit Judges, and KELLEHER, District Judge.*

ALTIMARI, Circuit Judge:

Defendant-appellant Albert Hudson appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York (John R. Bartels, *Judge*), following Hudson's plea of guilty to assaulting United States Deputy Marshals with a dangerous weapon in violation of 18 U.S.C. § 111 (1988). In sentencing Hudson, the district judge classified the offense as "Aggravated Assault", pursuant to § 2A2.2 of the United States Sentencing Guidelines ("Guidelines"), rather than as "Obstructing or Impeding Officers" while possessing a dangerous weapon, pursuant to U.S.S.G. § 2A2.4(b), because Hudson had in fact used a dangerous weapon. *See* U.S.S.G. § 2A2.4(c)(1). As a result, Hudson's base offense level was effectively raised from 6 to 15. *Compare* U.S.S.G. §§ 2A2.2 and 2A2.4. The district court also imposed a four-level enhancement pursuant to U.S.S.G. § 2A2.2(b)(2), because Hudson "otherwise used" a dangerous weapon in committing his offense, resulting in an adjusted offense level of 19.

On appeal, Hudson's sole contention is that the four level enhancement to his base offense level, because he "otherwise used" a dangerous weapon, was impermissible double counting, since the use of the dangerous weapon had already resulted in an increase in the base offense level by making the crime an aggravated assault. For the reasons set forth below, we vacate and remand for resentencing.

* The Honorable Robert J. Kelleher, *Senior Judge* of the United States District Court for the Cen-

## BACKGROUND

On February 21, 1991, a team of United States Deputy Marshals was attempting to arrest Albert Hudson on two outstanding warrants when they observed his car parked in Brooklyn, New York. When Hudson came outside and got into his car, the marshals tried to block his escape. The marshals identified themselves and ordered Hudson to get out of the car. Instead of obeying this order, Hudson drove his car directly at two marshals. The marshals jumped out of the path of Hudson's approaching car, but were able to arrest Hudson when he inadvertently ran his vehicle into a parked van.

Hudson subsequently entered a plea of guilty to one count of assaulting a federal officer in violation of 18 U.S.C. § 111 (1988) before the United States District Court for the Eastern District of New York. Because the Probation Department determined that Hudson had used a dangerous weapon—the automobile—with intent to harm the marshals, its Presentence Report ("PSR") treated his offense as an "Aggravated Assault" under the Sentencing Guidelines. Hudson's base level for this offense was 15. *See* U.S.S.G. § 2A2.2(a). The alternative Guidelines application would have been to characterize Hudson's offense as "Obstructing or Impeding Officers" while possessing and threatening the use of a dangerous weapon. *See* U.S.S.G. § 2A2.4(b)(1). This latter construction would have carried a base offense level of 6 and an adjusted offense level of 9. *Id.* The Probation Department rejected this alternative on the ground that Hudson's *use* of his car as a dangerous weapon constituted an aggravated assault. *See* U.S.S.G. § 2A2.4(c).

In addition to raising the base offense level by making the crime an aggravated assault, Hudson's use of the car also caused the PSR to recommend a further four-level increase to level 19, pursuant to U.S.S.G. § 2A2.2(b)(2), because Hudson had

tral District of California, sitting by designation.

"otherwise used" a dangerous weapon in commission of the offense. "Otherwise used" is defined as conduct that "did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon." *See* U.S.S.G. § 1B1.1, comment. (1.g.). The PSR also recommended that Hudson be credited with the standard two-level reduction for "Acceptance of Responsibility", pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 17. Because Hudson had only one prior conviction, for petit larceny, his criminal history category was determined to be Category I. This produced a Guidelines range of 24–30 months.

Prior to sentencing, Hudson objected to the Guidelines calculation in the PSR. According to Hudson, the Probation Department applied the incorrect offense guideline because he did not intend to do bodily harm to the officers, but intended merely to frighten them. Therefore, Hudson contended that U.S.S.G. § 2A2.3 (Minor Assault) rather than U.S.S.G. § 2A2.2 should apply.

At sentencing, the district court rejected Hudson's argument and accepted the Guidelines range of 24 to 30 months computed by the Probation Department. According to the district court, Hudson's conduct constituted aggravated assault because "the reasonable inference is that this defendant intended to harm the marshals." Hudson was sentenced to a term of imprisonment of 24 months, to be followed by three years' supervised release.

Hudson now appeals to challenge the propriety of this sentence.

## DISCUSSION

On appeal, Hudson argues that the addition of four levels to his base offense level because he "otherwise used" a dangerous weapon was impermissible double counting. Specifically, Hudson contends that since the use of the dangerous weapon had already resulted in an increase in the base offense level by making the crime an aggravated assault, it was unfair to penalize

him again for use of a weapon by upwardly adjusting his offense level.

■ Hudson did not raise the present objection to his sentence before the district court. Consequently, a threshold issue is whether he has waived his "double counting" argument. The issue raised by Hudson on appeal is a difficult question that has only been addressed by one recent case in the Fourth Circuit. *See United States v. Williams*, 954 F.2d 204 (4th Cir.1992) (Wilkinson, J.). Consequently, we believe that Hudson has raised a novel issue that should be addressed on its merits. *See, e.g., United States v. Paccione*, 949 F.2d 1183, 1203 (2d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3029, 120 L.Ed.2d 900 (1992). Because the issue on appeal involves a purely legal interpretation of the Sentencing Guidelines, our review is de novo. *See, e.g., United States v. Liranzo*, 944 F.2d 73, 79 (2d Cir.1991); *United States v. Irabor*, 894 F.2d 554, 555 (2d Cir.1990).

■ Hudson argues that his use of an automobile as a dangerous weapon is distinguishable from the more usual case in which the weapon in question is a gun. According to Hudson, while the Sentencing Guidelines provide a logical framework for assaults involving inherently dangerous weapons, the Guidelines proscribe impermissible double counting where it is the use of an ordinary object as dangerous weapon that transforms a "minor" assault into an "aggravated" one. We agree.

As Hudson suggests, where the dangerous weapon is a firearm there is a clear increase in wrongfulness of conduct which corresponds to the Guidelines' graduated adjustment scheme, such that: (1) if the gun is merely possessed, the defendant receives only the base offense level; (2) if the use of the gun is threatened, there is a three-level increase; (3) if the gun is "otherwise used", a defendant would receive a four-level increase; and (4) if the gun is fired a defendant would receive a five-level increase. *See* U.S.S.G. § 2A2.2(b). In the present case, by contrast, an automobile is not an inherently dangerous weapon, and only became dangerous once it was "other-

wise used" in an assault or its use was threatened. Therefore, unlike the situation where the weapon is a gun or other inherently dangerous weapon, aggravated assault with a car will always lead to a three or four-level enhancement, because mere possession of a car during an assault will not convert an ordinary assault into an aggravated one.

The facts in *Williams*, where the Fourth Circuit rejected the same argument that Hudson is making here, are essentially indistinguishable from the present case. In *Williams*, the defendant was convicted of aggravated assault with a chair, which, like an automobile, is not an inherently dangerous weapon. 954 F.2d at 205. In rejecting Williams' contention that the four-level upward adjustment for use of a dangerous weapon constituted impermissible double counting, the Fourth Circuit held that the dangerous weapon adjustment "rationally reflects the Guideline's graduated adjustment scheme." *Id.* at 206. However, the *Williams* court did not distinguish between assaults involving inherently dangerous weapons, and those involving ordinary objects which only become dangerous weapons when used. Rather, the court in *Williams*, reasoning by analogy, concluded that because U.S.S.G. § 2A2.2 is appropriate in the usual circumstance, it is appropriate under all circumstances. 954 F.2d at 206–207. Finally, the Fourth Circuit's rejection of the defendant's argument in *Williams* was driven by its conclusion that double counting is always permissible, except when explicitly forbidden by the Guidelines. *Id.* at 207–208. That is not the law in this Circuit. *See, e.g., United States v. Campbell*, 967 F.2d 20, 23–26 (2d Cir. 1992); *United States v. Olvera*, 954 F.2d 788, 791 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 3011, 120 L.Ed.2d 885 (1992). Therefore, we choose not to follow *Williams*.

█ A defendant can not be guilty of assault with a non-inherently dangerous weapon (such as a chair or an automobile) unless the object is used (or its use is threatened) in a dangerous way. In such instances, it is the use or threatened use of the object which makes the assault aggravated, thereby increasing the base level offense, and, this same act also requires an upward adjustment of three or four levels under U.S.S.G. § 2A2.2.

The incremental adjustment schedule of § 2A2.2, *see* 2A2.2(b)(1)–(4), is, therefore, only appropriate for situations involving inherently dangerous weapons, because under the Guidelines a defendant could be sentenced at the base offense level for carrying a firearm while committing an assault. Where an ordinary object is implicated, as was the case here, it is the *use* of the object as a weapon that makes the offense an aggravated assault, and it is the *use* of this weapon which also requires a four-level enhancement pursuant to U.S.S.G. § 2A2.2(b). This two-fold upward adjustment for the use of a weapon constitutes impermissible double counting. *See, e.g., United States v. Campbell*, 967 F.2d 20, 23–26 (2d Cir.1992).

## CONCLUSION

Based on the foregoing, we vacate and remand this case for further sentencing proceedings consistent with this opinion.