39 F.3d 1185
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Kenton Dayne Eagle CHASING, Appellant.
 No. 94-2271.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 12, 1994.
Filed: Oct. 24, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenton Dayne Eagle Chasing appeals his 41-month sentence imposed by the district court[1] after he pleaded guilty to assaulting Roy Dale Jewett and causing serious bodily injury, in violation of 18 U.S.C. Secs. 1153 and 113(f). We affirm.
 
 
 2
 According to the presentence report (PSR), Jewett walked into his kitchen and found Eagle Chasing removing food from the refrigerator. He told Eagle Chasing to put the food back and leave. Eagle Chasing struck Jewett in the head with an iron skillet and a metal ashtray, which rendered Jewett unconscious. Jewett was taken to the hospital and diagnosed as suffering multiple injuries, including a concussion, facial lacerations, and fractures of his nose, rib, arm, and fingers. The PSR indicated a base offense level of 15, a four-level increase for using a dangerous weapon in the course of the offense, a four-level increase for causing the victim serious bodily injury during the course of the offense, a three-level decrease for acceptance of responsibility, a criminal history category of I, and a Guidelines range of 33 to 41 months.
 
 
 3
 At sentencing, Eagle Chasing argued that a frying pan is not an inherently dangerous weapon, and he intimated that applying enhancements for both using a dangerous weapon and causing serious bodily injury was double-counting. The court rejected his arguments and sentenced him to 41 months imprisonment and three years supervised release.
 
 
 4
 An offense under 18 U.S.C. Sec. 113(f) is covered by U.S.S.G. Sec. 2A2.2 (aggravated assault). The Guidelines on aggravated assault provide that the defendant's base offense level should be increased four levels if a dangerous weapon was used. Section 2A2.2(b)(2)(B). The Guidelines also provide for a four-level increase if the victim sustained serious bodily injury. Section 2A2.2(b)(3)(B). The cumulative adjustments from this section may not exceed 9 levels. "Serious bodily injury" is defined as "injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. Sec. 1B1.1, comment. (n.1(j)). "Dangerous weapon" is defined as "an instrument capable of inflicting death or serious bodily injury." Section 1B1.1, comment. (n.1(d)).
 
 
 5
 Eagle Chasing argues that enhancing his sentence for both causing serious bodily injury and using an instrument capable of causing serious bodily injury results in double counting. He bases his double-counting argument on United States v. Hudson, 972 F.2d 504 (2d Cir. 1992). In that case, the Second Circuit held that both applying a four-level dangerous-weapon enhancement and also characterizing a car as a dangerous weapon to raise a "regular" assault to the level of aggravated assault, amounted to double counting because an automobile is not "inherently dangerous" and only became dangerous once it was used in an assault. Id. at 506- 07. In the present case, the two enhancements were applied for two different aspects of and concerns regarding Eagle Chasing's conduct-for using an instrument capable of causing serious injury and for causing serious injury to a victim. See United States v. Reetz, 18 F.3d 595, 600 (8th Cir. 1994) (application of two enhancements did not constitute double counting because they considered different aspects of defendant's conduct and represented different concerns). We conclude these cumulatively-applied enhancements do not amount to double counting.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota