[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15043
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00086-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIM H. BIRGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 26, 2016)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

ED CARNES, Chief Judge:

As the Chief Clerk of the Probate Court of Chatham County, Georgia, Kim Birge had access to bank accounts controlled by the probate court so that she could safeguard the financial affairs of conservatorships.  Instead, she wrote herself $767,218.99 in checks drawn from conservatorship accounts belonging to 31 minors, 2 incapacitated adults, and 2 estates.  After she was found out, she pleaded guilty to one count of mail fraud under 18 U.S.C. § 1341 and the district court sentenced her to 72 months imprisonment.  Birge appeals that sentence, contending that the district court erred in applying the vulnerable victim enhancement, U.S.S.G. § 3A1.1(b)(1), when it calculated her guidelines range.

We review de novo the district court's application of the vulnerable victim enhancement, but we "give due deference to the district court's determination that a victim was vulnerable, as this is a factual finding."  United States v. Kapordelis, 569 F.3d 1291, 1315–16 (11th Cir. 2009).  The sentencing guidelines provide that a defendant's offense level should be increased by two levels if the defendant "knew or should have known that a victim of the offense was a vulnerable victim."  U.S.S.G. § 3A1.1(b)(1).  A vulnerable victim is "a victim of the offense of conviction . . . who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct."  Id. § 3A1.1, cmt. n.2.  "The vulnerability that triggers § 3A1.1 must be an

2

'unusual' vulnerability which is present in only some victims of that type of crime." United States v. Davis, 967 F.2d 516, 524 (11th Cir. 1992).

As the chief clerk of a probate court, Birge knew or should have known that in Georgia, conservators are appointed to protect the assets of those who lack the capacity to do so themselves. See O.C.G.A. § 29-5-1(a) ("The court may appoint a conservator for an adult only if the court finds the adult lacks sufficient capacity to make or communicate significant responsible decisions concerning the management of his or her property."); id. §§ 29-3-8(a)–(b), 29-3-20(b), 29-3-64(a) (providing for the appointment of a conservator for unemancipated minors). As a result, she knew or should have known that the beneficiaries of conservatorships were "particularly susceptible to [her] criminal conduct." U.S.S.G. § 3A1.1, cmt. n.2.

Birge argues that even so, the district court should not have applied the enhancement to her because there is no evidence that she "targeted" the vulnerable victims. An earlier version of the commentary to § 3A1.1 provided that the enhancement applied "to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant." U.S.S.G. § 3A1.1 cmt. n.1 (1994). Our decisions under that version of the commentary to § 3A1.1 stated that "the applicability of section 3A1.1 turns on the defendant's decision to target the victim." United States v. Long, 935 F.2d 1207, 1211 (11th Cir. 1991), superseded

3

by regulation on other grounds as stated in United States v. Yount, 960 F.2d 955, 957 (11th Cir. 1992); see also id. at 1210 (citing the previous version of the commentary to state that "[s]ection 3A1.1 is intended to enhance the punishment for offenses where the defendant selects the victim due to the victim's perceived susceptibility to the offense") (emphasis in original); Yount, 960 F.2d at 957 ("The [then-current] version appears to require that the victim of the offense must have been unusually vulnerable and specifically targeted in the offense."). But see United States v. Salemi, 26 F.3d 1084, 1088 (11th Cir. 1994) (applying the vulnerable victim enhancement because the victim was a six month old baby, even though the district court found that the defendant's "mental and emotional condition clouded his ability to perceive the baby's peculiar vulnerability").

In 1995, the Sentencing Commission amended the commentary to § 3A1.1, removing the sentence, "This adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant," U.S.S.G. § 3A1.1, cmt. n.1 (1994) (emphasis added), and replacing it with the sentence: "[The adjustment] applies to offenses involving an unusually vulnerable victim in which the defendant knew or should have known of the victim's unusual vulnerability," id. § 3A1.1, cmt. n.2 (1995). See id., App. C, Amend. 521 (1995). The Commission explained that it had "noted some inconsistency in the application of § 3A1.1 regarding whether this adjustment required proof that the defendant had

4

'targeted the victim on account of the victim's vulnerability,'" so it intended the amendment "to clarify application with respect to this issue." Id.  That amended language remains in effect today.  See id. § 3A1.1, cmt. n.2 (2015).

"Commentary in the Guidelines Manual interpreting or explaining a guideline is binding on the courts unless it violates the Constitution or a federal statute, or is inconsistent with or a plainly erroneous interpretation of that guideline."  United States v. Rodriguez, 65 F.3d 932, 933 n.1 (11th Cir. 1995).  Despite the amendment to the commentary, statements made in passing in a lot of this Court's opinions might be taken to imply that the enhancement still applies only when the defendant "targeted" the vulnerable victim.[1]  See United States v. Pierre, __ F.3d __, 2016 WL 3254027, at *7–8 (11th Cir. June 14, 2016); United States v. Moran, 778 F.3d 942, 978–79 (11th Cir. 2015); United States v. Bradley, 644 F.3d 1213, 1287–89 (11th Cir. 2011); United States v. Day, 405 F.3d 1293, 1295–96 (11th Cir. 2005); United States v. Phillips, 287 F.3d 1053, 1056–58 (11th Cir. 2002); United States v. Frank, 247 F.3d 1257, 1259–60 (11th Cir. 2001);

---

[1] We do not address decisions that discussed the vulnerable victim enhancement but not a "targeting" requirement.  See, e.g., United States v. Kapordelis, 569 F.3d 1291, 1315–16 (11th Cir. 2009) (discussing only whether the victims were vulnerable); United States v. Amedeo, 370 F.3d 1305, 1317 (11th Cir. 2004) (same); United States v. Levy, 374 F.3d 1023, 1029 (11th Cir. 2004) (concluding that any challenge to the vulnerable victim enhancement had been waived); United States v. Shenberg, 89 F.3d 1461, 1475–76 (11th Cir. 1996) (holding that the enhancement was properly applied even where the victim was fictitious).  Nor do we address opinions that were published after Amendment 521's effective date, but that reviewed sentences imposed before its effective date.  See United States v. Page, 69 F.3d 482, 487–88 (11th Cir. 1995).

5

United States v. Gonzalez, 183 F.3d 1315, 1326–27 (11th Cir. 1999), superseded by regulation on other grounds as stated in United States v. Diaz, 248 F.3d 1065 (11th Cir. 2001); United States v. Rudisill, 187 F.3d 1260, 1268–69 (11th Cir. 1999); United States v. Arguedas, 86 F.3d 1054, 1057–58 (11th Cir. 1996); United States v. Malone, 78 F.3d 518, 520–23 (11th Cir. 1996).

"Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong." United States v. Steele, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc). But that rule applies only to holdings, not dicta. See McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1077 (11th Cir.1996) ("[W]e are not required to follow dicta contained in our own precedents . . . ."). Each of the decisions that we cited above, which are all of the ones we have found on this point, held that the defendant was eligible for the enhancement in circumstances in which the defendant actually did target a vulnerable victim. See Pierre, 2016 WL 3254027, at *8 ("As the district court found, and the evidence supports, the appellants specifically targeted inmates based on their perceived vulnerability to the tax refund fraud offense."); Moran, 778 F.3d at 979 ("[T]hese defendants and their co-conspirators targeted the [victims] in order to further the fraudulent activity."); Bradley, 644 F.3d at 1289 (stating that the defendant targeted the victims because he "exploit[ed] [the victims'] need for medication so he could make a profit"); Day, 405 F.3d at 1296

(rejecting the defendant's argument that she did not know her co-conspirators were targeting the vulnerable victims because the evidence showed that she had a role in selecting the victims); Phillips, 287 F.3d at 1057–58 (affirming application of the enhancement because the defendant targeted a rural bank at a time when he knew police would not be in the area); Frank, 247 F.3d at 1259–60 (affirming application of the enhancement where the defendant selected the victim of a carjacking because he was a cab driver who was required to respond to a call from the dispatcher); Gonzalez, 183 F.3d at 1327 (concluding that the defendants "selected their victims in furtherance of their conspiracy" because they were "easy targets because of their presence in the house" that the defendants were invading); Rudisill, 187 F.3d at 1269 (affirming application of the enhancement because the defendant knew that his co-conspirators were targeting elderly victims); Arguedas, 86 F.3d at 1058 (upholding application of the enhancement where the defendant "befriended and later targeted" the victim and was aware of his "precarious financial situation"); Malone, 78 F.3d at 522 (holding that use of the enhancement was appropriate because "the defendants specifically targeted [the victim], knowing that his obligations as a dispatched cab driver made him more vulnerable to carjackings than other drivers of cars").

None of those decisions held, and none could have held, that a defendant is not eligible for the enhancement unless she targeted a vulnerable victim, because in

7

each one of those cases the defendant did target a "vulnerable victim."  As we have explained time and again:  "[A] decision can hold nothing beyond the facts of that case."  Edwards v. Prime, Inc., 602 F.3d 1276, 1298 (11th Cir. 2010) (collecting cases).  That means that the language in our earlier decisions about a "targeting" requirement for the enhancement is dicta.  See id. ("A holding that X + Y is enough to violate a provision does not mean that X alone is not enough.  And that is true even if we say in the opinion that X alone would not be enough . . . .  All statements that go beyond the facts of the case . . . are dicta.  And dicta is not binding on anyone for any purpose.") (citations omitted).

We are not bound by the dicta contained in our earlier opinions.  See McNely, 99 F.3d at 1077.  Instead, we are bound by the guidelines and the commentary to the guidelines, which state that the vulnerable victim enhancement applies so long as the defendant "knew or should have known that a victim of the offense was a vulnerable victim."  U.S.S.G. § 3A1.1(b)(1); id. § 3A1.1, cmt. n.2 ("Subsection (b) applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability."); see also Rodriguez, 65 F.3d at 933 n.1.  Because Birge knew or should have known that the victims of her scheme were vulnerable, the district court did not err in applying the vulnerable victim enhancement.

**AFFIRMED.**