[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10392
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cr-00037-MCR-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS M. JACKSON, JR.,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 23, 2018)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Thomas M. Jackson, Jr. appeals his 135-month sentence, imposed after he pled guilty to one count of assaulting a federal officer.  On appeal, Jackson argues that the district court erred in two ways when sentencing him under the United States Sentencing Guidelines.  First, he argues that the district court incorrectly inferred that he had the intent to cause bodily injury.  Second, he argues that the district court engaged in impermissible double counting.  After careful review, we affirm.

## I.    BACKGROUND

Under a plea agreement, Jackson pled guilty to one count of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1), (b).  Jackson's factual proffer established the following:  Jackson approached an officer with the Naval Air Station Pensacola Police Department who was on duty outside the main gate of the Naval Air Station Pensacola.  The officer was wearing a police uniform with a badge.  As Jackson approached the officer, he held cash out of the window of his car, as if paying a toll.  The officer noticed the odor of alcohol coming from Jackson's car and saw an open beer bottle inside the car.  He instructed Jackson to turn off the car and give him the keys.  When Jackson asked why, the officer explained that he believed Jackson was driving under the influence.  At that point, Jackson "looked around in all directions, gripped the steering wheel tightly, and

2

accelerated the vehicle." Doc. 25 at 2.[1]  As Jackson's car struck the officer in the chest, the officer grabbed onto the driver's side window frame and "was dragged for approximately 15 feet before falling." *Id.*  After the officer fell, his left foot was run over by the rear tire of the car.  The officer sustained injuries including strained muscles and scrapes on his left hand, arm, and shoulder.  Jackson continued to drive away; he was located by other officers approximately 40 minutes later.

The Presentence Investigation Report ("PSI"), prepared in advance of Jackson's sentencing, indicated that his base offense level was 14 because he had committed an aggravated assault with his car.  U.S.S.G. § 2A2.2(a).  It also recommended that Jackson receive a four-level enhancement under § 2A2.2(b)(2)(B) for the use of the car as a dangerous weapon, a three-level enhancement under § 2A2.2(b)(3)(A) because the officer sustained bodily injury, and a two-level enhancement under § 2A2.2(b)(7) because Jackson was convicted under 18 U.S.C. § 111(b), for assault with a deadly weapon or that caused bodily injury.  Finally, the PSI recommended a six-level enhancement under § 3A1.2(c)(1) for knowingly assaulting an officer.

At his sentencing hearing, Jackson objected to his base offense level, arguing that he had not committed aggravated assault because he had not intended

---

[1] Unless otherwise indicated, all citations in the form of "Doc. #" refer to the district court docket entries.

3

to injure the officer.  He also objected to the enhancements, arguing that they amounted to impermissible double counting.  The government presented testimony of the officer and a video of the incident.  The district court found by a preponderance of the evidence that Jackson had intended to injure the officer and thus that a base offense level for aggravated assault under § 2A2.2(a) was appropriate.  The district court also rejected Jackson's double counting arguments. Jackson was sentenced to 135 months' imprisonment, which was in the middle of his guideline range of 120-150 months.  This is Jackson's appeal.

## II.    STANDARDS OF REVIEW

We review a district court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*.  *United States v. Maddox*, 803 F.3d 1215, 1220 (11th Cir. 2015).  A finding of fact is clearly erroneous only if we are left with a "definite and firm conviction that a mistake has been committed." *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).  We review a district court's rejection of a double counting challenge under the Sentencing Guidelines *de novo*.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

## III.    ANALYSIS

On appeal, Jackson argues that the district court erred in finding that he intended to injure the officer and thus erroneously applied a base offense level for aggravated assault.  Jackson also argues that the district court engaged in

4

impermissible double counting when it applied the sentencing enhancements.  For the reasons that follow, we affirm Jackson's sentence.

### A.     The District Court Did Not Clearly Err in Finding That Jackson Intended to Injure the Officer.

Jackson was convicted of a single count of violating 18 U.S.C. § 111(a)(1), (b).  A person who "forcibly assaults" a federal officer "engaged in . . . official duties," § 111(a)(1), is subject to enhanced penalties if, during the commission of the violation, the person "uses a deadly or dangerous weapon . . . or inflicts bodily injury."  18 U.S.C. § 111(b).  We previously have held that § 111 is a general intent statute, requiring only intent to commit the underlying act, not necessarily intent to injure.  *See United States v. Ettinger*, 344 F.3d 1149, 1153-56, 1161 (11th Cir. 2003).  Likewise, we have held that § 111 does not require actual knowledge that the victim is a federal officer.  *See United States v. Alvarez*, 755 F.2d 830, 842 (11th Cir. 1985).

But even though § 111 may be violated without an intent to injure, if the district court finds—as it did here—that the defendant did in fact intend to injure, then the base offense level may be higher.  Under the Sentencing Guidelines, a conviction for violating § 111 corresponds to a base offense level under either § 2A2.2 or § 2A2.4.  *See* U.S.S.G. App. A.  Jackson's base offense level was calculated under § 2A2.2 because the district court determined that his conduct constituted aggravated assault.  *See* U.S.S.G. § 2A2.4(c)(1) ("If the conduct

5

constituted aggravated assault, apply § 2A2.2 (Aggravated Assault).").

Aggravated assault is defined as, among other things, a "felonious assault that

involved . . . a dangerous weapon with intent to cause bodily injury (i.e., not

merely to frighten) with that weapon." U.S.S.G. § 2A2.2 cmt. n.1. The definition

of "dangerous weapon," in turn, includes a vehicle if it "is involved in the offense

with the intent to commit bodily injury." *Id.*

Jackson argues that the district court committed clear error when it found by

a preponderance of the evidence that he committed aggravated assault because he

lacked the intent to cause bodily injury. The district court found that after Jackson

hit the officer with his car, "Jackson must have seen and known full well that [the

officer] was hanging onto his window frame and that [the officer] would be injured

if the vehicle continued picking up speed, ran over [the officer], and kept moving."

Doc. 41 at 4. The district court concluded, "Taken together, these facts support an

inference that Jackson intended to use his vehicle to cause bodily injury to [the

officer] if doing so was necessary to ensure his successful escape." *Id.*

The district court's finding was not clearly erroneous. Although the

evidence presented also could have supported an inference that Jackson acted with

mere recklessness when he hit the officer with his car, dragged him several feet,

and ran over his foot, we are not left with a "definite and firm conviction that a

mistake has been committed." *Foster*, 155 F.3d at 1331. Because the district court

6

did not clearly err in finding that Jackson acted with the intent to cause injury, Jackson's conduct fit within the definition of aggravated assault, and the district court appropriately applied § 2A2.2 to calculate the base offense level.

Jackson similarly argues that the district court erred in applying the official victim enhancement under § 3A1.2 because his conduct was reckless but unintentional. *See* U.S.S.G. § 3A1.2 cmt. n.4(a) (noting that the enhancement applies in circumstances "tantamount to aggravated assault" that are "sufficiently serious to create at least a substantial risk of serious bodily injury" against "official victims"). Based on our conclusion that the district court did not clearly err in finding that Jackson acted with intent to injure the officer, and because there was sufficient evidence to support the court's finding that Jackson knew or had reasonable cause to believe that the officer—who wore a police uniform with a badge—was a law enforcement officer, *see* § 3A1.2(c)(1), the court did not err in applying the official victim enhancement.

## B.    The District Court Did Not Engage in Impermissible Double Counting.

Next, Jackson argues that the district court engaged in impermissible double counting when it applied the following two sentence enhancements: § 2A2.2(b)(2)(B), for use of a dangerous weapon; and § 2A2.2(b)(7), for a conviction under § 111(b). "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account

of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *Cubero*, 754 F.3d at 894 (internal quotation marks omitted). Double counting is permitted when "the Sentencing Commission intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." *Id.* (internal quotation marks omitted). "Moreover, we presume that the Sentencing Commission intended separate guidelines sections to apply cumulatively, unless specifically directed otherwise." *Id.* (internal quotation marks omitted; alterations adopted).

### 1. The District Court Did Not Err in Enhancing Jackson's Sentence Under U.S.S.G. § 2A2.2(b)(2)(B).

The district court enhanced Jackson's sentence under U.S.S.G. § 2A2.2(b)(2)(B) because he "otherwise used" a dangerous weapon. Jackson argues that this enhancement was erroneously applied because his conduct qualified for the base offense level of aggravated assault only as a result of the use of the car. In other words, he argues that his sentence was increased twice for using a dangerous weapon: once when he was given a base offense level for aggravated assault—which required that the offense "involve[] a dangerous weapon with intent to cause bodily injury," § 2A2.2 cmt. n.1—and a second time when his offense level was enhanced because the dangerous weapon was "otherwise used." § 2A2.2(b)(2)(B).

Although Jackson's argument is not without logic, the commentary to the Sentencing Guidelines, which lists a vehicle as an example of a dangerous weapon, specifically instructs that "[i]n a case involving a dangerous weapon with intent to cause bodily injury, the court shall apply both the base offense level and subsection (b)(2)," which includes the enhancement Jackson received for "otherwise us[ing]" a dangerous weapon. U.S.S.G. § 2A2.2 cmt. n.1, 3. Further, the background to the commentary explains that the weapon enhancement under subsection (b)(2) "take[s] into account different aspects of the offense" than the base offense level, "even if the application of the base offense level and the weapon enhancement is based on the same conduct." *Id.* § 2A2.2 cmt. background. This commentary is binding unless it "violates the Constitution or a federal statute, or is inconsistent with or a plainly erroneous interpretation of the guideline," *United States v. Birge*, 830 F.3d 1229, 1232 (11th Cir. 2016), and Jackson does not argue that the commentary is nonbinding for any of these reasons.

We acknowledge that *United States v. Hudson*, 972 F.2d 504 (2d Cir. 1992), reached the opposite conclusion. In *Hudson*, the Second Circuit explained that "aggravated assault with a car will always lead to a three or four-level enhancement, because mere possession of a car during an assault will not convert an ordinary assault into an aggravated one." *Id.* at 507. Thus, the *Hudson* court concluded, an enhancement for use of a car as a deadly weapon in such a context

9

constituted impermissible double counting.  *Id.*  But the *Hudson* court's decision is contrary to both the plain language of the Sentencing Guidelines and the conclusion of the majority of the circuits to consider this issue.  *See, e.g.*, *United States v. Valdez-Torres*, 108 F.3d 385, 388-89 (D.C. Cir. 1997) (declining to follow *Hudson*, concluding that the enhancement for use of an automobile as a dangerous weapon was not impermissible double counting).  We thus conclude that the district court did not err in applying the enhancement for use of a dangerous weapon.

> 2. *The District Court Did Not Err in Enhancing Jackson's Sentence Under U.S.S.G. § 2A2.2(b)(7).*

Jackson also argues that the district court erred in enhancing his sentence under U.S.S.G. § 2A2.2(b)(7), which provides an enhancement for a conviction under 18 U.S.C. § 111(b), which in turn applies when the assault involved the use of a deadly or dangerous weapon or caused bodily injury.  Because Jackson's sentence also was enhanced under both U.S.S.G. § 2A2.2(b)(2)(B) for the use of a dangerous weapon and U.S.S.G. § 212.2(b)(3)(A) for causing bodily injury, he argues that he was penalized twice for the same conduct.  We disagree.

As an initial matter, the district court did not err in enhancing Jackson's sentence under both § 2A2.2(b)(2)(B) and § 212.2(b)(3)(A) because the Guidelines direct that those subsections should be applied cumulatively as long as the cumulative adjustments do not exceed ten levels (and, in this case, they did not).

*See* U.S.S.G. § 212.2(b)(3). The district court also committed no error in enhancing Jackson's sentence under U.S.S.G. § 2A2.2(b)(7), which indicates that a sentence should be enhanced if the defendant "was convicted under 18 U.S.C. § 111(b)." This enhancement accounts for a different aspect of Jackson's offense than §§ 2A2.2(b)(2)(B) and 212.2(b)(3)(A) because § 2A2.2(b)(7) increases penalties for aggravated assaults committed against certain victims. The enhancement therefore was appropriate and not duplicative of §§ 2A2.2(b)(2)(B) and 212.2(b)(3)(A). The district court did not engage in impermissible double counting when it enhanced Jackson's sentence.[2]

## IV.   CONCLUSION

For the foregoing reasons, we affirm Jackson's sentence.

**AFFIRMED.**

---

[2] The government construed Jackson's brief as suggesting that the enhancement under § 3A1.2 also constituted impermissible double counting. To the extent Jackson made this argument, it also fails. *See* U.S.S.G. § 2A2.2 cmt. n.4 ("If subsection (b)(7) applies, § 3A1.2 . . . also shall apply."); *United States v. Park*, 988 F.2d 107, 110 (11th Cir. 1993) (explaining that enhancing a sentence under U.S.S.G. §§ 2A2.2 and 3A1.2 did not constitute impermissible double counting).