[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11222
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-00041-LJA-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER BELT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 27, 2019)

Before WILLIAM PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Belt appeals his 84-month sentence for assaulting a correctional officer in violation of 18 U.S.C. § 111(a)(1), (b).  Belt argues that the district court erred in calculating his guidelines because, under the rule of lenity, his base-offense level should have been calculated under U.S.S.G. § 2A2.4, and not § 2A2.2, because both provisions are listed for convictions under 18 U.S.C. § 111 and § 2A2.4 would provide a lower base-offense level.  Belt next argues that the district court erred in granting a five-level enhancement for a victim who sustains a "serious bodily injury" as opposed to a three-level enhancement for a "bodily injury" because: (1) "bodily injury" contains any significant injury; (2) the statute he pleaded guilty to only uses the phrase "bodily injury"; and, (3) the information he pleaded guilty to only alleges that he did "inflict bodily injury."  Lastly, Belt argues that his punishment on account of a kind of harm—that is, "serious bodily injury"—was accounted for when his base-offense level was determined pursuant to § 2A2.2(a) and when he received a five-level enhancement pursuant to § 2A2.2(b)(3)(B), and that further enhancing his guidelines under § 2A2.2(b)(7), for a conviction under 18 U.S.C. § 111(b) for inflicting bodily injury, has the effect of double counting the kind of harm.

I.

2

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). Reviewing reasonableness is a two-part process that requires us to ensure that (1) the district court did not commit a significant procedural error, and (2) the sentence is substantively reasonable. *Id.* at 51.

Improper calculation of the guidelines range is considered a procedural error. *Id.* We review *de novo* the district court's interpretation of the guidelines and its application of the guidelines to the facts and review the district court's findings of fact for clear error. *United States v. Campbell*, 491 F.3d 1306, 1315 (11th Cir.2007). Factual findings are clearly erroneous when, although there is evidence to support them, the appellate court, based on the record as a whole, is left with the definite and firm conviction that a mistake has been committed. *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2001) (quotation omitted).

A conviction under 18 U.S.C. § 111(a)(1), (b) corresponds to either a base-offense level of 14 under U.S.S.G. § 2A2.2(a), or a base-offense level of 10 under § 2A2.4(a). Section 2A2.2(a), "aggravated assault," covers felonious assaults that are more serious than other assaults because of the presence of an aggravating factor, for example, serious bodily injury or the intent to commit another felony. U.S.S.G. § 2A2.2, comment. (n.1), background. "Serious bodily

3

injury" is further defined as an injury requiring medical intervention such as surgery. *Id.* at (n.1) (cross referencing § 1B1.1, comment. (n.1(L))). Section 2A2.4, "obstructing or impeding officers," does not incorporate the possibility that the defendant may create a substantial risk of serious bodily injury and provides that reckless endangerment should be applied if no higher guideline adjustment is applicable for such conduct. U.S.S.G. § 2A2.4, comment. (n.2). The guidelines commentary is binding on courts unless it violates the Constitution or a federal statute or is an inconsistent or plainly erroneous interpretation of the guideline. *United States v. Birge*, 830 F.3d 1229, 1232 (11th Cir. 2016).

Here, Belt satisfied the requirements for the guidelines section that covers more serious felonious assaults because the record supports the finding of aggravating factors. First, as stated in the undisputed facts of the PSI, and not contested by Belt, Wakefield's injury required surgery, which qualified the injury as a "serious bodily injury." U.S.S.G. § 1B1, comment. (n.1(L)). Also, as stated in the undisputed facts of the PSI, and not contested by Belt, the assault occurred while Belt intended to commit a separate felonious assault on his fellow inmate. As such, Belt satisfied the requirements of the guidelines provision that punishes more serious felonious assaults. *See* U.S.S.G. § 2A2.2, comment. (n.1). While Belt argues that he also satisfied § 2A2.4, that section does not adequately capture the facts and circumstances of the case, and the commentary to § 2A2.4 intends for

4

a higher guideline to apply in situations that involve serious bodily injury. *See* U.S.S.G. § 2A2.4, comment. (n.2).   Accordingly, the district court did not clearly err in determining that Belt's base-offense level should be calculated pursuant to § 2A2.2(a).

## II.

Section 2A2.2(b)(3) of the guidelines increases a defendant's offense level according to the seriousness of the victim's injury.  The offense level is increased by three for a "bodily injury," defined as "any significant injury," and by five for a "serious bodily injury," defined as one that requires medical intervention such as surgery.  U.S.S.G. §§ 1B1.1, comment. (n.1(B), (L)); 2A2.2(b)(3)(A), (B). Moreover, we interpret a guideline enhancement consistent with its text and related commentary.  *United States v. Inclema*, 363 F.3d 1177, 1180 (11th Cir. 2004).

Here, as stated in the undisputed facts of the PSI, and not contested by Belt, the victim's injury required surgery, which qualified the injury as a "serious bodily injury."  U.S.S.G. § 1B1, comment. (n.1(L)).  While Belt argues that the injury here is captured by the definition of bodily injury as "any significant injury," such a determination would read out all of the more severe types of injuries found in § 2A2.2(b)(3)(B)-(E).  As the severity of the penalty reflects the severity of the injury, it is clear from the text and commentary that the enhancement corresponds

to the seriousness of the injury; here, a "serious bodily injury," due to the necessity of surgery. *See Inclema*, 363 F.3d at 1180. Accordingly, the district court did not clearly err in determining that Belt's guidelines should be enhanced by five because the victim sustained a "serious bodily injury."

### III.

We review *de novo* a district court's rejection of a double-counting challenge under the sentencing guidelines. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). Impermissible double counting results when a guideline provision is used to increase a defendant's punishment in a way that has already been accounted for by another guideline provision. *Id.* However, double counting is permitted when the Sentencing Commission intended that result and when the relevant guideline provisions address separate concepts. *Id.* We presume that, outside explicit contrary instructions, the Sentencing Commission intended separate guideline sections to apply cumulatively. *Id.*

Here, there is every indication that the Sentencing Commission intended the guideline provisions in question to apply cumulatively, and that this is not impermissible double counting because each enhancement accounts for a different aspect of the offense conduct. *See Cubero*, 754 F.3d at 894. Indeed, the provisions here focus on different aspects of the offense conduct: application of

U.S.S.G. § 2A2.2 applies to the type of conduct—for example, the use of a deadly weapon, assault resulting in serious bodily injury, strangling, or suffocating, or the intent to commit another felony; application of § 2A2.2(b)(3) focuses on the effect of the conduct and values the extent of the victim's injury; and, § 2A2.2(b)(7) relates back to the criminal statute, which focuses on who Congress intended to protect and the seriousness society places on the violation.  As such, this Court presumes that the intricately-established, separate guidelines sections were intended to apply cumulatively.  *See Cubero*, 754 F.3d at 894.  Accordingly, the district court did not err in rejecting the double-counting challenge under the sentencing guidelines.

**AFFIRMED.**